JUDGE SCHOFIELD

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

ROBERT G. LOPEZ, an individual, )
)
        Plaintiff, )
)
        v. )      **Civil Action No.**
)
ADIDAS AMERICA, INC., )      **JURY TRIAL DEMANDED**
RAGEON, INC. )
PREMIER SKATEBOARDING, LLC, )
NAMESILO, LLC, and )
JOSH STARK )
)
        Defendants. )

**19 CV 7631**

## COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND RELATED CLAIMS

Plaintiff, Robert G. Lopez, alleges his complaint against Defendants, Adidas America, Inc. ("Adidas"), Rageon, Inc., Premiere Skateboarding, LLC ('Premier"), Namesilo, LLC, and Josh Stark as follows:

## NATURE OF THE ACTION

1.    This action arises from the Defendants infringement of Plaintiff's "ownership" and exclusive "use" rights in the marks **LES™**, **LOWER EAST SIDE™**, **LES NYC®** and **THE LOWER™**, in conjunction with clothing and related goods.  Despite Plaintiff being the registered owner of the trademarks **LES™**, **LOWER EAST SIDE™**, **LES NYC®** and **THE LOWER™** and offering various clothing items under such brand names, the Defendants have infringed Plaintiff's rights in the aforementioned marks by manufacturing, printing, producing, promoting, advertising, selling, and offering for sale sneakers and clothing items including and under Plaintiff's trademarks.  Plaintiff has already experienced "actual confusion" in connection

with this matter and is likely to continue to experience confusion as to the affiliation, association or connection between all of the Defendants and Plaintiff resulting in the unjust enrichment of all the Defendants by using Plaintiff's registered trademarks.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 15 U.S.C. §1051 *et seq*., 15 U.S.C. Sections 1114-1116; under Section 43(a) of the Trademark Act, 15 U.S.C. §1125(a), Section 43(c) of the Trademark Act, 15 U.S.C. §1125(c), and 28 U.S.C. §1367.

3.      This Court has personal jurisdiction over the Defendants because Defendants engage in continuous and significant business activities in, and directed to the State of New York within this judicial district and because Defendants have committed tortuous acts aimed at and causing harm within the State of New York and this judicial district.

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because it is where Plaintiff resides and the Defendants transacts business in this district, and because a substantial portion of the events giving rise to the asserted claims have occurred, and continue to occur, within this district.  Furthermore, the damage to Plaintiff and his intellectual property described herein continues to occur in this judicial district.

## THE PARTIES

5.      Plaintiff, Robert G. Lopez is an individual residing at 230 Clinton Street, Apt. #11C, New York, NY 10002.

6.      Upon information and belief, Defendant Adidas America, Inc. is an Oregon Corporation with a principal place of business at 55 North Greeley Avenue, Portland, Oregon 97217.

7.      Upon information and belief, Defendant Rageon, Inc. is a Delaware Corporation with a principal place of business at 1163 E 40th Street – Suite 211, Cleveland, Ohio 44114.

8.      Upon information and belief, Defendant Premier Skateboarding, LLC is a Michigan Limited Liability Company with a principal place of business at 14 Weston Street, SE Grand Rapids, Michigan 49503.

9.      Upon information and belief, Defendant Namesilo, LLC is a Arizona Limited Liability Company with a principal place of business at 1300 E. Missouri Avenue – Suite A-110, Phoenix, Arizona 85014.

10.      Upon information and belief, Defendant Josh Stark is an individual residing 394 E. 8th Street – Apt. #5B, New York, New York 10009.

## FACTS

11.      Since at least as early as 1997, Plaintiff Robert G. Lopez has been selling headwear, t-shirts, sweaters, hooded sweatshirts and other clothing items under the **LOWER EAST SIDE™**, **LES™** and **LES NYC®** brand names.

12.      Since at least as early as 1999, Plaintiff has been independently operating a clothing business under the trade name **L.E.S. CLOTHING CO.™**, which has sold headwear, t-shirts, sweaters, hooded sweatshirts and other related clothing items under the marks **LOWER EAST SIDE™**, **LES™** and **LES NYC®**. Since at least as early as 2010, Plaintiff has also been selling clothing items under the mark **LOYALTY EQUALS STRENGTH™** which is an additional representation of what the **LES™** acronym stands for and represents.







13.     In addition to selling and offering for sale clothing items under the **LOWER EAST SIDE™**, **LES NYC®**, **LES™** and **LOYALTY EQUALS STRENGTH™** brand names, Plaintiff has also continuously sold and offered for sale various clothing items including caps, hooded sweatshirts and t-shirts which bear the **THE LOWER™**, **LOWER EAST SIDE™**, **LES™** and **LES NYC®** marks in various font and design styles which are prominently

displayed on the front and/or back of the headwear, t-shirts and/or sweaters as well as printed on hang tags, clothing labels, stickers and on clothing product packaging materials.

14.   Plaintiff uses the ®, ™ and © symbols on product packaging materials, hang tags, and on promotional materials such as flyers, banners, business cards, etc. to put the public on constructive notice that Plaintiff is claiming trademark rights in the **LOWER EAST SIDE**™ and **LES NYC**® brand names. Plaintiff also uses the aforementioned copyright symbol to also put the public on constructive notice that he is claiming copyright in some of the specific **LOWER EAST SIDE**™ and **LES NYC**® stylized designs that are released, sold and offered for sale by Plaintiff and his **LES CLOTHING CO.**™ business









15.    Plaintiff sells, and promotes the sale of his clothing via his website www.lesclothing.com, through social media promotions including but not limited to Instagram and Facebook, and his t-shirts, sweaters caps and other clothing items are also available for sale in several retail locations in New York and other States.  From 2012 to 2015 Plaintiff also maintained a Flagship LES Clothing Co. store located at 43 Clinton Street, New York, NY 10002.







 

16.   Plaintiff advertises his **LES CLOTHING CO™**, **LOWER EAST SIDE™**, **THE LOWER™**, **LES™** and **LES NYC®** brands and clothing items through flyers, posters, stickers and through grass root street marketing methods such as painted "street murals."  Plaintiff also regularly conducts photo shoots of customers who purchase his **LOWER EAST SIDE™** and **LES NYC®** clothing items to be included in magazine advertisements and other marketing materials.

17.   Plaintiff has a social media following of over twenty thousand 20,000 combined followers for his **LOWER EAST SIDE™** and **LES NYC®** clothing products and with his sponsored and/or affiliated social media friends and followers each individual post and product offering reaches an audience in the range of a hundred thousand 100,000 social media users and potential consumers of his clothing products.








18.     The **LOWER EAST SIDE™ LES™** and **LES NYC®** brands and marks have acquired "secondary meaning" in the marketplace in connection with the sale and offering of clothing goods based on Plaintiff's continuous and long-standing use of the marks in the apparel industry for nearly twenty (20) years.

19.     When consumers of clothing products encounter the **LOWER EAST SIDE™ LES™** and **LES NYC®** marks in connection with apparel, they associate the **LES™**, **LOWER EAST SIDE™** and **LES NYC®** marks with Plaintiff and his **LES CLOTHING CO.™** company.

20.     Plaintiff's **LOWER EAST SIDE™** and **LES NYC®** clothing products enjoys a superlative reputation in the apparel industry.

21.     Plaintiff's **LOWER EAST SIDE™**, **LES™** and **LES NYC®** clothing items have been endorsed and worn by celebrities, actors and musicians, including but not limited to actor Luis Guzman and Curtis "50 CENT" Jackson.

22.     Plaintiff's **LOWER EAST SIDE™**, **LES™** and **LES NYC®** clothing items have also appeared in movies and on television shows including but not limited to **VH1's BLACK INK CREW**, and **VH1's LOVE & HIP HOP** television shows.

23.     Plaintiff's **LOWER EAST SIDE™** and **LES NYC®** clothing items have been featured and advertised in national publications including but not limited to XXL Magazine and Don Diva Magazine.

24.     Since at least as early as 2007, Plaintiff has been building a portfolio that consists of various trademarks and copyrights that act as business assets for his **LES CLOTHING CO.™** business.

25.     Plaintiff only claims "exclusive use" rights of the **LOWER EAST SIDE™ LES™** and **LES NYC®** marks in connection with apparel and the promotion and sale thereof.

26.     Plaintiff licenses the **LOWER EAST SIDE™**, **LES™** and **LES NYC®** marks and his copyrighted **LOWER EAST SIDE©** designs to third party clothing companies to be used on clothing goods under his direct control and authorization.

27.     Plaintiff is the registered owner of New York State Trademark Registration No. R31067 and R32849 both for the mark **LOWER EAST SIDE™**.  **(See Exhibit A).**

28.     Plaintiff is the registered owner of New York State Trademark Registration No. R31773 for the mark **THE LOWER™**.  **(See Exhibit B).**

29.     Plaintiff is the registered owner of United States Trademark Registration No. 4,549,880 for the mark **LES NYC®** which is the abbreviation and/or acronym for the mark **LOWER EAST SIDE NEW YORK CITY™**.  **(See Exhibit C).**

30.     Plaintiff is the registered owner of United States Copyright Registration No. VA 1-765-666 for the work under the title L.E.S. Cap.  **(See Exhibit D)**.

31.     Plaintiff is the registered owner of United States Copyright Registration No. VA 1-775-922 for the work under the title 537 design ("**the 537 numbers turned upside down spell LES™**). **(See Exhibit E)**.

32.     Plaintiff is the registered owner of United States Copyright Registration No. VA 1-818-626 for the work under the title "L Hand" Design which L design is a representation for **LES™** and **LOWER EAST SIDE™**.  **(See Exhibit F)**.

33.     The mark **LOWER EAST SIDE®** is a federally registered trademark under United States Trademark Registration No. 2,416,437 that has been rendered "**incontestable**" under Section 15 of the Trademark Act and is therefore not open to challenge as to its function as a trademark and brand name as it has been in continuous use as a brand name in excess of fifteen (15) years.  **(See Exhibit G).**

34.     Plaintiff has a Co-Existence Agreement with Payless Shoesource Worldwide, Inc. who is the owner of United States Trademark Registration No. 2,416,437 for the mark **LOWER EAST SIDE®,** which allows the parties to co-exist in the marketplace and both utilize the **LOWER EAST SIDE™** mark but limits Payless's use of the mark to "**footwear**" and grants and/or limits Plaintiff's rights in the **LOWER EAST SIDE™** mark to "**t-shirts, sweaters, headwear**" and all other forms of clothing that exclude footwear.

35.     By virtue of his Co-Existence Agreement with Payless Shoesource Worldwide, Inc. regarding use of the **LOWER EAST SIDE®** mark, Plaintiff claims joint ownership in United States Trademark Registration No. 2,416,437 for the mark **LOWER EAST SIDE®** and has standing to bring this trademark infringement action under all applicable federal laws and statutes.

36.     Although Plaintiff has been using his **LOWER EAST SIDE™** and **LES NYC®** marks since at least 1997, in 2007, Plaintiff took the necessary precautions in protecting his business assets and began building a portfolio of various trademark and copyrights assets to protect the brand names, designs and images that he offers under his **LES CLOTHING CO.™** apparel business.

37.     As a small business owner, Plaintiff has aggressively policed and enforced his rights in his intellectual property business assets against clothing retailers and ecommerce entities that manufacture, print, advertise, promote, sell and/or offer for sale clothing and similar items that violate Plaintiff's trademarks and/or copyrighted designs.

38.     Defendant Adidas America, Inc. is a major retailer of footwear and apparel products and has flagship retail clothing stores worldwide.  Defendant Adidas America, Inc. also distributes its footwear and clothing products through various retail clothing stores in New York and worldwide.

39.     Defendant Adidas America, Inc. also operates an online retail clothing store via its website www.adidas.com.

40.     Plaintiff is informed and believes and thereon alleges that Defendant Adidas America, Inc. is manufacturing, marketing, promoting, advertising, selling and offering for sale a sneaker including and bearing Plaintiff's **LOWER EAST SIDE™, LES NYC®** and/or **LES™** marks.  Defendant Adidas America, Inc. produced and released the aforementioned sneaker bearing Plaintiff's trademark in honor of the 30-year anniversary of the New York bar/lounge "Max Fish".



41.     Defendant Adidas America's use of Plaintiff's trademarks has already caused confusion and is likely to continue to cause confusion as to the source of footwear and clothing products under the **LOWER EAST SIDE™**, **LES™** and/or **LES NYC®** marks.

42.     Defendant Adidas America's continued use of any variation of Plaintiff's **LOWER EAST SIDE™ LES™** and/or **LES NYC®** marks is likely to continue to cause confusion as to the source of apparel and footwear products under the aforementioned marks.

43.     Defendant Adidas America's use of Plaintiff's trademarks is not considered a fair use as it is using the marks for commercial business purposes and for a profit.

44.     Upon information and belief, Defendant Adidas America is aware of Plaintiff's ownership rights and trademarks in the marks **LES NYC® LES™** and **LOWER EAST SIDE™**.

45.     Defendant Adidas America's infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is selling and offering for sale.

46.     Defendant Adidas America has acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in his **LES NYC®, LES™** and **LOWER EAST SIDE™** marks.

47.     Defendant Rageon, Inc. is an e-commerce business and retailer and is providing an online store and platform to purchase t-shirts, hoodies and other merchandise and are manufacturing, printing, marketing, promoting, advertising, selling and offering for sale via its website www.rageon.com clothing items promoted under Plaintiff's **THE LOWER™** and **LOWER EAST SIDE™** trademarks.

48.     Defendant Rageon, Inc.'s use of Plaintiff's trademarks has already caused confusion and is likely to continue to cause confusion as to the source of clothing products under the **THE LOWER™, LOWER EAST SIDE™** and/or **LES NYC®** marks.

49.     Defendant Rageon, Inc's use of Plaintiff's trademarks is not a fair use as Rageon is using the marks for commercial business purposes and for a profit.

50.     Defendant Rageon, Inc. has the ability to manage, monitor and control the infringing activity that violates Plaintiff's trademarks.

51.     Upon information and belief Defendant Rageon, Inc. is aware and has knowledge of Plaintiff's ownership rights in the **THE LOWER™, LOWER EAST SIDE™** and **LES NYC®** marks.

52.     Defendant Rageon Inc.'s infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is selling and offering for sale from its website.

53.     Defendant Rageon Inc. has acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in his **THE LOWER™, LES NYC®** and **LOWER EAST SIDE™** marks.

54.    Defendant Premier Skateboarding, LLC is a retailer of apparel products.

55.    Defendant Premier Skateboarding, LLC operates an online retail clothing store via its website www.the premierstore.com that sells and ships clothing products to consumers of clothing goods in New York City.

56.    Plaintiff is informed and believes and thereon alleges that Defendant Premier has manufactured, marketing, promoted, offered for sale and sold a hoodie bearing Plaintiff's **LOWER EAST SIDE™** and **LES NYC®** marks via its website and through its retail store which violated Plaintiff's trademark rights in the aforementioned marks.

57.    Defendant Premier's use of Plaintiff's trademarks has already caused confusion and is likely to continue to cause confusion as to the source of clothing products under Plaintiff's **LES NYC®** mark.

58.    Defendant Premier's continued use of any variation of Plaintiff's **LES NYC®** mark is likely to continue to cause confusion as to the source of apparel products under the aforementioned marks.

59.    Defendant Premier's use of Plaintiff's trademarks is not considered a fair use as it is using the marks for commercial business purposes and for a profit.

60.    Upon information and belief, Defendant Premier is aware of Plaintiff's ownership rights and trademarks in the marks **LES NYC®** and **LOWER EAST SIDE™**.

61.    Defendant Premier's infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is selling and offering for sale.

62.    Defendant Premier has acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in his **LES NYC®** and **LOWER EAST SIDE™** marks.

63.     Defendant Namesilo, LLC owns and operates an online retail clothing store via its website www.vilean.com.

64.     Plaintiff is informed and believes and thereon alleges that Defendant Namesilo, LLC is manufacturing, marketing, promoting, advertising, selling and offering for sale various t-shirts bearing Plaintiff's **LOWER EAST SIDE**™ and **LES NYC**® marks via its website www.vilean.com which violated Plaintiff's trademark rights in the aforementioned marks.

65.     Defendant Namesilo LLC's use of Plaintiff's trademarks has already caused confusion and is likely to continue to cause confusion as to the source of clothing products under the **LOWER EAST SIDE**™ and/or **LES NYC**® marks.

66.     Defendant Namesilo, LLC's continued use of any variation of Plaintiff's **LOWER EAST SIDE**™ and/or **LES NYC**® marks is likely to continue to cause confusion as to the source of apparel products under the aforementioned marks.

67.     Defendant Namesilo LLC's use of Plaintiff's trademarks is not considered a fair use as it is using the marks for commercial business purposes and for a profit.

68.     Upon information and belief, Defendant Namesilo LLC is aware of Plaintiff's ownership rights and trademarks in the marks **LES NYC**® and **LOWER EAST SIDE**™.

69.     Defendant Namesilo LLC's infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is selling and/or offering for sale.

70.     Defendant Bowery Namesilo LLC has acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in his **LES NYC**® and **LOWER EAST SIDE**™ marks.

71.    Defendant Josh Stark is a clothing designer and entrepreneur and is using Plaintiff's **LOWER EAST SIDE**™ and **LES NYC**® marks in commerce to advertise, sell and offer for sale clothing items utilizing and under Plaintiff's trademarks without Plaintiff's authorization or consent.

72.    Defendant Josh Stark's actions are willful, intentional and deliberate as he has knowledge of Plaintiff's ownership rights in the **LES NYC**® and **LOWER EAST SIDE**™ marks.

73.    Defendant Josh Stark acted in bad faith in adopting the mark "**LOWER BEAST SIDE**" in connection with clothing in an attempt to palm off the good will and reputation Plaintiff has built in his **LOWER EAST SIDE**™ and **LES NYC**® trademarks.

74.    Defendant Josh Stark has attempted to secure a trademark registration for the LOWER BEAST SIDE mark in attempt to build rights around Plaintiff's **LOWER EAST SIDE**™ marks used in connection with his **LES Clothing Co.**™ business.

75.    Upon information and belief, Defendant Josh Stark conducts his clothing business activities under the **LOWER BEAST SIDE** mark from his residence at 394 E. 8th Street – Apt. 5B, New York, New York 10009, which is located in the Lower East Side of Manhattan and in close proximity to the location in which Plaintiff has operated his LES Clothing Co.™ business for nearly twenty (20) years.

76.    Defendant Josh Stark operates a social media page on Instagram under the name "stark_nyc" that promotes his **LOWER BEAST SIDE**™ clothing products and under the aforementioned Instagram account, Defendant Josh Stark advertises and promotes his clothing products in conjunction with Plaintiff's **LOWER EAST SIDE**™ trademark.



**stark_nyc**
Lower East Side

• • •



 

**90 likes**

**stark_nyc** Welcome to the Lower Beast Side.

A new breed of threads is here. Inspired and designed in the Lower East Side, grown and sewn in Lima, Peru, this is the evolution of organic apparel. Let that sh!t roar!

•

Stark Fact:
Organic cotton has stronger fibers that are much softer, last longer, and have a profound impact on your overall health, from the inside out.

•

Designed in the Lower East Side, NYC. Sourced and manufactured in Peru.

*

Photo: @alvarocine
Model: @iamtylergriffin

-

@asaprocky @asaprockyscloset @asaprockywears
@joeybadass • #beastmode #beastcoast

77.    Defendant Josh Stark uses his **LOWER BEAST SIDE** mark to represent and refer to **LOWER EAST SIDE™** and he uses his almost identical version of Plaintiff's trademark as an "**A/k/a Also Known as**" form of referring to the words **LOWER EAST SIDE™**.



**stark_nyc** aka Lower Beast Side 🐆

•
"Loisaida" on Ave C is the Spanish pronunciation of "Lower East Side," first coined in 1974 by the poet/activist Bittman "Bimbo" Rivas in his poem "Loisaida".
From the diverse, artistic long time locals to the many secret gardens, independent shops, and hidden gems... a big shout out  to everyone in the LES, East Village, Alphabet City, and Loisaida for keeping our corner of the jungle an urban sanctuary for us all.

•
@thenuyoricanpoetscafe @nublunyc @morusnyc @eastvillageorganic @commodities @quintessencenyc @loisaidafest @iamtylergriffin @loverboynyc @kafananyc @zumschneider @thewaylandnyc @esperantony @beastriver @thesummitbar @loisbarnyc @abcbeerco @nublunyc @lowereastnyc @greenoasisnyc @boweryboysnyc #loisaida #alphabetcity #starknyc #threadswbenefits #lowerbeastside #stark #beastcoast #blackhistorymonth

View all 3 comments

May 7, 2018

78.     Defendant Josh Stark promotes his clothing in conjunction with the mark "**LOWER EAST SIDE, NYC**".



79.     Defendant Josh Stark has the ability to monitor and control and prevent the infringing activity against Plaintiff's trademarks.

80.    Defendant Josh Stark is designing, manufacturing, printing, marketing, promoting, selling and offering for sale clothing items displaying and under Plaintiff's **LOWER EAST SIDE**™ and/or **LES NYC®** trademarks.

81.    Defendant Josh Stark is using Plaintiff's federally registered **LES NYC®** mark and Plaintiff's **LOWER EAST SIDE**™ mark in commerce in connection with the sale and advertising of clothing items without Plaintiff's consent.

82.    Defendant Josh Stark's use of Plaintiff's trademarks in connection with the advertising and sale of t-shirts and other clothing items violates and infringes on Plaintiff's federally registered **LES NYC®** mark that is an abbreviated form of the mark **LOWER EAST SIDE NEW YORK CITY®** and also violates Plaintiff's **LOWER EAST SIDE**™ marks.

83.    Defendant Josh Starks use of Plaintiff's **LES NYC®** and **LOWER EAST SIDE**™ trademarks is **NOT** a fair use as Defendant is using the marks for commercial business purposes and for a profit.

84.    The aforementioned use of Plaintiff's trademarks by Defendant are a "use in commerce" of Plaintiff's trademarks.

85.    Defendant Josh Stark's use of the mark **LES NYC®** and **LOWER EAST SIDE**™ in connection with clothing is likely to continue to cause confusion between Plaintiff's **LES NYC®** and **LOWER EAST SIDE**™ marks.

86.    Defendant Josh Stark's use of Plaintiff's **LES NYC®** and **LOWER EAST SIDE**™ marks has already caused confusion and is likely to cause future and additional instances of confusion as to the source of clothing products under the **LOWER EAST SIDE**™ and/or **LES NYC®** marks owned by Plaintiff.

87.     Upon information and belief, Defendant Josh Stark has knowledge of Plaintiff's ownership rights and previous enforcement efforts in the **LOWER EAST SIDE**™ and **LES NYC®** marks.

88.     Plaintiff was been contacted by several long-standing customer of his **LES CLOTHING CO**™ **LOWER EAST SIDE**™ **THE LOWER**™ and **LES NYC®** clothing products regarding the **LOWER EAST SIDE**™ and **LES**™ branded products that are offered and sold by each Defendant named in this action thinking the products were sponsored, affiliated and/or done in collaboration with Plaintiff and his **LES Clothing Co**™ company and business.

## FIRST CAUSE OF ACTION
## TRADEMARK INFRINGEMENT (15 U.S.C. §§ 1114-1116)

89.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 88 of this Complaint.

90.     The use in commerce by Defendants of an identical and slightly identical version of Plaintiff's registered trademark is likely to cause confusion, mistake and deception among members of the public and in trade as to the source, origin, or sponsorship of defendants' goods and services.  Such use by Defendants constitutes a clear and direct infringement of Plaintiff's rights in and to Plaintiff's registered trademark, and has resulted in injury and damage to Plaintiff that will continue if Defendants are not ordered to cease all use of the **LES NYC®** and **LOWER EAST SIDE**™ marks.

## SECOND CAUSE OF ACTION
## UNFAIR COMPETITION & FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a)

91.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 90 of this Complaint.

92.     Plaintiff has the exclusive right to market, brand and provide clothing related goods using the **LES NYC®** and **LOWER EAST SIDE™** marks.

93.     Defendants by reason of the aforementioned acts, have falsely described, represented and designated the origin of its goods and services.  Defendants' activities already have confused the public into believing that Defendants and Plaintiff's clothing goods and accessories come from one and the same source, and defendants continued activities are likely to create further confusion and deceive the public concerning the source of the goods/services.

94.     Defendants have unfairly profited from the actions alleged herein and will continue to unfairly profit and become unjustly enriched unless and until such conduct is enjoined by this Court.

95.     By reason of Defendants willful acts conducted in conscious disregard for Plaintiff's rights, Plaintiff is entitled to treble damages under 15 U.S.C. § 1117(a).

### THIRD CAUSE OF ACTION
### COMMON LAW TRADEMARK INFRINGEMENT & UNFAIR COMPETITION

96.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 95 of this Complaint.

97.     Defendants conduct constitutes deception by which Defendants goods will be palmed off as those of Plaintiff.  Such conduct constitutes trademark infringement and unfair competition in violation of the laws of the State of New York.

98.     Defendants unauthorized use of Plaintiff's **LOWER EAST SIDE™** and **LES NYC®** marks is likely to continue to cause further confusion to the public as to the clothing goods and accessories of the respective parties.

99.     By reason of the foregoing, Defendants have infringed and continues to infringe on Plaintiff's common law rights in the **LOWER EAST SIDE™** and **LES NYC®** marks and Defendants have become unjustly enriched by such acts of infringement.

100.    Defendants unlawful conduct has been and will continue to be willful or willfully blind to Plaintiff's rights, as Defendant has reason to know of Plaintiff's rights.

## FOURTH CAUSE OF ACTION
## UNJUST ENRICHMENT

101.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 100 of this Complaint.

102.    Defendants has\ve unjustly retained profits from the sale of clothing goods and accessories bearing Plaintiff's **LOWER EAST SIDE™** and/or **LES NYC®** marks.

103.    Defendant's actions constitute unjust enrichment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief as follows:

1.      Entry of an order and judgment requiring that all Defendants, its subsidiaries, officers, agents, servants, employees, owners, and representatives, and all other persons or entities in active concert or participation with them, be preliminarily and, thereafter, permanently enjoined and restrained from (a) using in any manner the trade name, trademark, domain name or other indicia or origin, including in whole or part the term **LOWER EAST SIDE™**, **LES NYC®**, or any colorable imitation thereof; (b) advertising, operating a website, using business stationary or offering any goods or services using the trade name, trademark, domain name, URL, or any other indicia of origin including in whole or part the term **LES NYC®**, or any colorable imitation thereof; (c) otherwise engaging in any acts of unfair competition and infringement which tend to injure Plaintiff's rights in the **LES NYC®** mark.

2.      That Defendants be required to account to Plaintiff for any and all profits derived by it, and to compensate Plaintiff for all the damages sustained by reason of the acts complained of herein, and that the damages herein be trebled pursuant to the Trademark Act.

3.      That Defendants be ordered to deliver up for destruction any and all infringing materials bearing the **LOWER EAST SIDE™** and **LES NYC®** marks, and any colorable imitation thereof, in whole or part.

4.      That Plaintiff be awarded punitive damages.

5.      That Defendants be required to place advertisements or send notifications to past and present customers that it improperly has been using the **LOWER EAST SIDE™** and/or **LES NYC®** marks.

6.      That Plaintiff be awarded statutory damages in the amount of $500,000.00 for Defendants acts of willful infringement.

7.      That Defendant Josh Stark be ordered to file an express abandonment of his **LOWER BEAST SIDE** trademark application.

8.      That Plaintiff be awarded the cost and disbursements of this action.

9.      That Plaintiff have such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury as to all issues.

Dated: August 14, 2019
      New York, New York

Respectfully submitted,
Robert G. Lopez – Pro Se

Robert G. Lopez
Pro Se Plaintiff
230 Clinton Street – Apt. #11C
New York, New York 10002
(917) 868-1698

# EXHIBIT A

# *New York State Department of State*
# *Certificate of Trademark Registration*

*I Daniel E. Shapiro, Special Deputy Secretary of State, do certify that the Trademark described below and depicted on the attached copy has been duly registered in this Department pursuant to Article 24 of the General Business Law. This registration will remain in force for TEN years from the Date of Registration.*

**Registration Number:** R31067                    **Registration Date:**          06/06/07

**Applicant:**          **ROBERT G. LOPEZ**
                        *230 CLINTON STREET APT. #11C*
                        *NEW YORK*                    *NY*      *10002-*

**State of Incorporation or
Partnership Organization:**

**Class Numbers:**          25

**Date First Used in NYS:**          12/1999          **Date First Used Anywhere**          12/1999

**Trademark Description:**
*LOWER EAST SIDE*

*The mark is comprised of the words "Lower East Side" In stylized letters with an underline and overline.*

**Description of Goods:**          *Clothing, namely, T-shirts, Hooded Sweatshirts, Vest, Hats and Caps as adopted from the USPTO.*

*WITNESS my hand and the seal of the State of New York In the City of Albany on this:*

*Thursday, August 16, 2007*

*by:*



*Special Deputy Secretary of State*

*DOS-690 (Rev. 3/01)*

# *New York State Department of State*
# *Certificate of Trademark Registration*

*I, Anthony Giardina, Executive Deputy Secretary of State, do certify that the Trademark described below and depicted on the attached copy has been duly registered in this Department pursuant to Article 24 of the General Business Law. This registration will remain in force for TEN years from the Date of Registration.*

| | | | |
|---|---|---|---|
| *Registration Number:* | R32849 | *Registration Date:* | 08/09/16 |
| *Applicant:* | **ROBERT G. LOPEZ** | | |
| | *230 CLINTON ST. - APT. 11C* | | |
| | *NEW YORK* | *NY*   10002- | |

*State of Incorporation or Partnership Organization:*

*Class Numbers:*   25

| | | | |
|---|---|---|---|
| *Date First Used in NYS:* | 12/01/1999 | *Date First Used Anywhere:* | 12/01/1999 |

**Trademark Description:**

*The mark is comprised of the words LOWER EAST SIDE without claim to any particular font, style or design.*

**Description of Goods:**   *Clothing, namely; t-shirts, sweaters, shorts and headwear.*

**WITNESS** *my hand and the seal of the State of New York in the City of Albany on this:*

*Thursday, August 11, 2016*

*by:*

*Executive Deputy Secretary of State*

*DOS-690 (Rev. 8/13)*

**EXHIBIT B**

# *New York State Department of State*
# *Certificate of Trademark Registration*

*I Daniel E. Shapiro, Special Deputy Secretary of State, do certify that the Trademark described below and depicted on the attached copy has been duly registered in this Department pursuant to Article 24 of the General Business Law. This registration will remain in force for TEN years from the Date of Registration.*

| | | | |
|---|---|---|---|
| *Registration Number:* | *R31773* | *Registration Date:* | *11/22/10* |
| *Applicant:* | *ROBERT G. LOPEZ* <br> *230 CLINTON ST. - APT #11C* <br> *NEW YORK* | *NY    10002-* | |

*State of Incorporation or*
*Partnership Organization:*

*Class Numbers:*          *25*

| | | | |
|---|---|---|---|
| *Date First Used In NYS:* | *03/00/08* | *Date First Used Anywhere:* | *03/00/08* |

**Trademark Description:**

*The mark is comprised of the words "THE LOWER" with five stars appearing beneath the literal element of the mark.*

**Description of Goods:**          *Clothing, namely; T-shirts, hooded sweatshirts and caps.*

*WITNESS my hand and the seal of the State of New York In*
*the City of Albany on this:*

*Monday, November 22, 2010*

*by:*

*Special Deputy Secretary of State*

*DOS-690 (Rev. 3/01)*

# EXHIBIT C

# United States of America

## United States Patent and Trademark Office

# LES NYC

**Reg. No. 4,549,880**
**Registered June 17, 2014**

LOPEZ, ROBERT G. (UNITED STATES INDIVIDUAL)
230 CLINTON STREET - APT. #11C
NEW YORK, NY 10002

**Int. Cl.: 25**

FOR: BASEBALL CAPS AND HATS; HOODED SWEATSHIRTS; SHORT-SLEEVED OR LONG-SLEEVED T-SHIRTS; T-SHIRTS, IN CLASS 25 (U.S. CLS. 22 AND 39).

**TRADEMARK**

FIRST USE 12-0-1999; IN COMMERCE 12-0-1999.

**PRINCIPAL REGISTER**

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-TICULAR FONT, STYLE, SIZE, OR COLOR.

SEC. 2(F).

SER. NO. 85-335,314, FILED 6-1-2011.

ALICE BENMAMAN, EXAMINING ATTORNEY



Deputy Director of the United States
Patent and Trademark Office

# EXHIBIT D

## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Acting Register of Copyrights, United States of America

**Registration Number**

## VA 1-765-666

**Effective date of registration:**

January 20, 2011

---

## Title

Title of Work: L.E.S. Cap

## Completion/Publication

Year of Completion: 2011

Date of 1st Publication: January 20, 2011     Nation of 1st Publication: United States

## Author

Author: Robert G. Lopez

Author Created: photograph(s)

Work made for hire: No

Citizen of: United States          Domiciled in: United States

Year Born: 1976

## Copyright claimant

Copyright Claimant: Robert G. Lopez

230 Clinton Street, New York, NY, 10002, United States

## Certification

Name: Robert G. Lopez

Date: January 20, 2011

---

Correspondence: Yes

Page 1 of 1

**EXHIBIT E**

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code,*
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## VA 1-775-922

**Effective date of
registration:**

June 1, 2011

---

## Title

**Title of Work:** 537 Design

## Completion/Publication

**Year of Completion:** 2010

**Date of 1st Publication:** December 15, 2010          **Nation of 1st Publication:** United States

## Author

■       **Author:** Thomas Riley

**Author Created:** 2-D artwork

**Work made for hire:** Yes

**Citizen of:** United States                              **Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** Robert G. Lopez

230 Clinton Street - #11C, New York, NY, 10002, United States

**Transfer Statement:** By written agreement

## Certification

**Name:** Robert G. Lopez

**Date:** June 1, 2011

---

# EXHIBIT F

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## VA 1-818-626

**Effective date of registration:**

April 21, 2012

## Title ───────────────

Title of Work: "L Hand" Design

## Completion/Publication ───────────────

Year of Completion: 2012

Date of 1st Publication: April 19, 2012     Nation of 1st Publication: United States

## Author ───────────────

■   Author: Robert G Lopez

Author Created: photograph(s)

Work made for hire: No

Citizen of: United States     Domiciled in: United States

Year Born: 1976

## Copyright claimant ───────────────

Copyright Claimant: Robert G. Lopez

230 Clinton Street - #11C, New York, NY, 10002, United States

## Certification ───────────────

Name: Robert G. Lopez

Date: April 21, 2012

**EXHIBIT G**

Trademark Electronic Search System (TESS)                                    Page 1 of 2

 **United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > **Trademark Electronic Search System (TESS)**

*TESS was last updated on Fri Jun 2 02:21:45 EDT 2017*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout  Please logout when you are done to release system resources allocated for you.

Start  List At: [          ]  OR  Jump  to record: [          ]  **Record 26 out of 29**

TSDR | ASSIGN STATUS | TTAB STATUS | *( Use the "Back" button of the Internet Browser to return to TESS)*

# LOWER EAST SIDE

| | |
|---|---|
| Word Mark | LOWER EAST SIDE |
| Goods and Services | IC 025. US 022 039. G & S: Footwear. FIRST USE: 19990616. FIRST USE IN COMMERCE: 19990616 |
| Mark Drawing Code | (1) TYPED DRAWING |
| Serial Number | 75652553 |
| Filing Date | March 3, 1999 |
| Current Basis | 1A |
| Original Filing Basis | 1B |
| Published for Opposition | November 30, 1999 |
| Registration Number | 2416437 |
| International Registration Number | 1220106 |
| Registration Date | December 26, 2000 |
| Owner | (REGISTRANT) PAYLESS SHOESOURCE WORLDWIDE, INC. CORPORATION KANSAS Jayhawk Towers 700 SW Jackson Topeka KANSAS 66603 |
| Assignment Recorded | ASSIGNMENT RECORDED |
| Attorney of Record | ROBERT CARROLL |
| Prior Registrations | 1795922 |
| Type of Mark | TRADEMARK |
| Register | PRINCIPAL |
| Affidavit Text | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20110108. |
| Renewal | 1ST RENEWAL 20110108 |