```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
ROBERT G. LOPEZ,                                                 :
                                                                 :
                              Plaintiff,                         :
                                                                 :          19-cv-7631 (LJL)
              -v-                                                :
                                                                 :          ORDER
ADIDAS AMERICA, INC., ET AL.,                                    :
                                                                 :
                              Defendants.                        :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/2/2020

LEWIS J. LIMAN, United States District Judge:

      The Court convened a telephonic status conference and oral argument on defendant PUMA's motion to dismiss yesterday at 3:00 p.m., as scheduled. (*See* Dkt. No. 85). Plaintiff was given notice of this conference by a copy of the order mailed to him at the address he provided for the Court. (*See* Docket Entry dated 3/19/2020.) In addition, PUMA's counsel stated on the record that she sent Plaintiff two emails advising him of the conference. The Court also called Plaintiff yesterday at approximately 3:10 p.m., which went straight to voicemail. The Court terminated the conference without argument.

      The Court is in receipt of the letter from PUMA's counsel requesting that the Court rule on its motion to dismiss on the papers and without oral argument. (Dkt. No. 86.)

      The Court also has the request of PUMA's counsel, incorporated within the motion to dismiss, to consider certain material without converting the motion into one for summary judgment. The Court has the power to consider material incorporated by reference into the complaint, as well as material that is integral to the complaint or upon which it heavily relies. *See Chambers v. Time Warner*, Inc., 282 F.3d 147, 153 (2d Cir. 2002). The Court additionally has the power to consider "matters of which judicial notice may be taken" without converting a motion to dismiss into one for summary judgment. *Halebian v. Berv*, 644 F.3d 122, 131 n.7 (2d Cir. 2011) (quoting *Chambers*, 282 F.3d at 153); *see also Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 426 (2d Cir. 2008) ("[M]atters judicially noticed by the District Court are not considered matters outside the pleadings.") (citing 5 Wright & Miller, Federal Practice and Procedure § 1366 & n. 33 (3d ed. 2004) ("[M]atters of which the district court can take judicial

notice" are "not considered matters outside the pleadings for purposes of conversion.")).[1] The court can take judicial notice of trademark registrations. *See Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005) (taking judicial notice of federal copyright registrations and citing to an Eighth Circuit case taking judicial notice of trademark registrations).

Pursuant to those powers, the Court in resolving the motion to dismiss intends to consider the following materials in addition to the pleadings of the Third Amended Complaint:

| **Matter Outside the Complaint** | **"Integral" to Complaint or Subject to Judicial Notice** |
|---|---|
| Les Benjamins is an independently registered trademark that PUMA uses in connection with its collaboration with the Company. | Subject to judicial notice |
| On PUMA's website and clothing in the collection, PUMA references "PUMA X LES BENJAMINS." *See* Les Benjamins \| PUMA, WWW.PUMA.COM, available at https://us.puma.com/en/us/select/les-benjamins; Mullarney Decl., Ex. A. | Citations to, and exhibits of, the website are "integral" to the TAC. *See* TAC ¶ 63 ("Defendant PUMA is advertising, selling and offering for sale a collection of clothing items that are titled and promoted from its www.puma.com website as 'PUMA x LES BENJAMINS' . . . ."). |
| Lopez's trademark approves the mark as distinctive only as to the "whole" LES NYC Mark, not to any portion thereof. *See* Trademark Status & Document Retrieval System (TSDR), LES NYC, http://tsdr.uspto.gov/#caseNumber=85335314&caseType=SERIAL_NO&searchType=statusSearch | Subject to judicial notice |
| As used by PUMA, the word "LES" refers to the French article that translates to the English word "the." | Subject to judicial notice |
| Lopez's New York trademark registration is for the LES mark in a particular design. *See* Reply to Motion to Dismiss, Mullarney Decl. Ex. 2. | Subject to judicial notice |
| Lopez has filed over 35 intellectual property actions against over 100 parties in the Southern District of New York alone. | Subject to judicial notice |

---

[1] Under Federal Rule of Evidence 201, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

To the extent any other material outside the four corners of the TAC is raised in PUMA's motion to dismiss, the Court will "exclude the additional material" when considering the motion. *Palin*, 940 F.3d at 810–11 (quoting *Kopec*, 922 F.2d at 154) (2d Cir. 1991)).

The Court ORDERS that any party desiring oral argument on the motion or disputing the Court's power to consider the foregoing materials on the motion to dismiss (or disputing the authenticity or accuracy of such material) to inform the Court by May 4, 2020. In the absence of objection, the Court will decide the motion without argument and considering the foregoing materials as incorporated by reference, integral to the complaint, or the subject of judicial notice.

In addition, the Court is prepared to decide the motion to dismiss based on the photographs of Plaintiff's products and PUMA's products depicted in the Third Amended Complaint. Any party desiring to place before the Court the physical items alleged to be infringed or infringing shall meet and confer with its adversary and mail a set of items to Judge Liman's chambers **no later than May 4, 2020.** The mailing address is:

> United States District Court
> Southern District of New York
> 500 Pearl Street, Room 701
> New York, NY 10007

Any party choosing to mail the items to chambers must inform the Court via letter filed on ECF that such items have been mailed, no later than the date of mailing.

SO ORDERED.

Dated: April 2, 2020
New York, New York

_____
LEWIS J. LIMAN
United States District Judge